UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. CLAY,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS INC., et al,<br><br>Defendants. | No. 2:19-cv-2221 JAM DB PS<br><br><br><br>ORDER |

This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint, request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and request for permission for electronic filing. (ECF Nos. 1-3.) The complaint concerns alleged violations of defendants' credit reporting responsibilities.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The undersigned finds that plaintiff's in forma pauperis application makes the showing required by the statute. (ECF No. 2.) However, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or

seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II.     Plaintiff's Complaint**

      **A.     Defendant Transworld Systems, Inc.**

The complaint alleges that on August 18, 2019, plaintiff "sent correspondence" to three credit reporting agencies regarding a medical bill found on plaintiff's credit report.  (Compl. (ECF No. 1) at 3.)  "One or more of the credit bureaus sent dispute notices to [defendant Transworld Systems, Inc.,"] ("Transworld").  (Id.)  Defendant Transworld "refused to update and

////

2

correct Plaintiff's credit profile, despite Plaintiff's many phone calls and letters" in violation of the "Fair Credit Reporting Act," ("FCRA"). (Id.)

The goal of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The

> FCRA imposes a number of procedural requirements on consumer reporting agencies to regulate their creation and use of consumer reports. The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages.

Robins v. Spokeo, Inc., 867 F.3d 1108, 1110-11 (9th Cir. 2017).

Based on the above allegations, the undersigned finds that the complaint states a claim for violation of the FCRA against defendant Transworld.

**B.    Defendants Transunion and Experian**

The complaint also names as defendants Transunion LLC, ("Transunion"), and Experian Information Solutions Inc., ("Experian"). (Compl. (ECF No. 1) at 1.) As to these defendants, the complaint alleges that on December 6, 2016, plaintiff became unable to work and applied for disability. (Id. at 4.) Plaintiff's employer "denied Plaintiff's benefits beyond March 15, 2017," resulting in "an ongoing lawsuit against [plaintiff's] employer for non-payment of medical bills." (Id.)

According to the complaint plaintiff "complied with all requests of" defendants Transunion and Experian "to have the erroneous marks removed from his credit report," but these defendants "failed to correct the errors and failed to undertake sufficient investigations upon being notified of these errors." (Id. at 4.) The complaint, however, alleges no facts in support of these vague and conclusory allegations. For example, the complaint does not allege what date plaintiff contacted either defendant, the nature of the erroneous information, specifics about any communication with either defendant, etc.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

3

state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

In this regard, the complaint fails to state a claim for relief against defendant Transunion and defendant Experian.

### III. Motion for Electronic Filing

Plaintiff's motion for electronic filing sets forth a number of items that must be addressed before the court can grant permission for electronic filing. For example, the motion asks whether plaintiff "is able to comply all the requirements of . . . electronic submission[.]" (Pl.'s Mot. (ECF No. 3) at 2.) Despite setting forth the relevant issues, plaintiff does not affirmatively answer any of the relevant questions. Instead, they are left blank.

Accordingly, plaintiff's motion will be denied without prejudice to renewal to a motion that addresses the relevant issues with granting electronic filing.

### CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff may proceed now against defendant Transworld, as set forth below, and pursue the complaint's claims against only that defendant. Alternatively, plaintiff may forgo immediately proceeding against defendant Transworld and attempt to amend the complaint.

3. **If plaintiff elects to amend the complaint to address the issued noted above, plaintiff has sixty days so to do**. Plaintiff is not obligated to amend the complaint. However, if plaintiff does so, the amended complaint will also be subject to screening.[1]

---

[1] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself

4

4. **If plaintiff elects to proceed against defendant Transworld**, then within thirty days plaintiff shall file a short statement stating that plaintiff has elected to proceed against defendant Transworld. In this event the court will set this matter for a Status Conference and construe plaintiff's filing as consent to the dismissal of all claims against defendants Transunion and Experian without prejudice.[2]

5. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: April 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/clay2221.part.serve.ord

---

without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

[2] Prior to screening plaintiff's complaint, defendant Transworld voluntarily appeared in this action. Accordingly, service on defendant Transworld no longer need be addressed.