UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. CLAY, <br><br> Plaintiff, <br><br> v. <br><br> TRANSWORLD SYSTEMS INC., et al, <br><br> Defendants. | No.  2:19-cv-2221 JAM DB PS <br><br><br><br> ORDER TO SHOW CAUSE |

Plaintiff Jerome Clay is proceeding in this matter pro se.  Accordingly, this action was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 4, 2019, plaintiff filed a complaint and motion to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  On April 10, 2020, the undersigned granted plaintiff's motion for leave to proceed in forma pauperis and screened plaintiff's complaint.  (ECF No. 5.)  In screening plaintiff's complaint, the undersigned found that the complaint stated a claim against defendant Transworld World Systems, Inc., ("Transworld") but failed to state a claim against defendants Transunion LLC, ("Transunion"), and Experian Information Solutions Inc., ("Experian").  (Id. at 4-5.) Accordingly, plaintiff was offered a choice.

Plaintiff could elect to proceed against defendant Transworld and pursue the complaint's claims against only that defendant.  Alternatively, plaintiff could forgo immediately proceeding against defendant Transworld and attempt to amend the complaint by filing an amended

complaint within sixty days. (Id. at 4.)  If plaintiff elected to proceed immediately against defendant Transworld plaintiff was to file a short statement stating that election within thirty days, in which case the court would construe plaintiff's filing as consent to the dismissal of all claims against defendants Transunion and Experian without prejudice.

Plaintiff, however, did neither.  Instead, on August 5, 2020, plaintiff filed a stipulated dismissal of defendant Transworld, which was entered on August 6, 2020.  (ECF Nos. 6 & 7.) Plaintiff has taken no further action since that filing.  It appears that plaintiff considers this matter closed.  Nonetheless, in light of plaintiff's pro se status, and in the interests of justice, the court will provide plaintiff with an opportunity to show good cause for plaintiff's conduct along with an opportunity to clarify plaintiff's intentions with respect to this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff show cause in writing within fourteen days of the date of this order as to why this case should not be dismissed for lack of prosecution[1]; and

2. Plaintiff is cautioned that the failure to timely comply with this order may result in a recommendation that this case be dismissed.

DATED: October 13, 2020                                   /s/ DEBORAH BARNES
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.