UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME A. CLAY,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANSWORLD SYSTEMS INC., et al,<br><br>    Defendants. | No.  2:19-cv-2221 JAM DB PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Jerome Clay is proceeding in this matter pro se.  Accordingly, this action was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On November 4, 2019, plaintiff filed a complaint and motion to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  On April 10, 2020, the undersigned granted plaintiff's motion for leave to proceed in forma pauperis and screened plaintiff's complaint.  (ECF No. 5.)

      On August 5, 2020, plaintiff filed a stipulated dismissal of defendant Transworld, which was entered on August 6, 2020.  (ECF Nos. 6 & 7.)  After plaintiff took no further action, the undersigned issued plaintiff an order to show cause on October 14, 2020.  (ECF No. 8.)  Pursuant to that order plaintiff was to show cause in writing within fourteen days as to why this action should not be dismissed due to a lack of prosecution.  The fourteen-day period has long passed and plaintiff has not responded to the court's order in any manner.

////

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff failed to comply with an order of this court. Plaintiff was given an opportunity to demonstrate an intent to prosecute this action and has failed to do so. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the Court's orders. See Fed. R. Civ. P. 41(b).

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's November 4, 2019 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 2, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/clay2221.dlop.f&rs